## W. Y. LEADER *v.* THE STATE.

LIBEL — EVIDENCE IN JUSTIFICATION. — The *gravamen* of a libel charged against the accused consisted of defamatory matter accusing one B. of embezzlement, and denouncing him as a person of notoriously bad and infamous character. On the trial, the accused was not allowed to ask his witnesses whether they knew B.'s general character. *Held,* that, under article 643 of the Penal Code, the question should have been allowed as a legitimate introduction of proof showing it to be true that B. was a person of notoriously bad or infamous character. But if the accusation of embezzlement had been the only libelous matter charged, the question would not have been competent in so general a form.

APPEAL from the County Court of Travis. Tried below before the Hon. J. W. SMITH, County Judge.

The indictment set out the defamatory matter as follows :

" John Burns, who was discharged from this office for collecting money and appropriating it to his own use, is endeavoring to injure our business. This fellow is a liar, a swindler, and a dead-beat, as we are prepared to prove."

The innuendo clause of the indictment is set out in the opinion.

No brief for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J.    Appellant was indicted, tried, convicted, and his punishment assessed at a fine of $100, for printing, publishing, selling, and circulating a libel against one Burns. The libelous matter, as set out in the indictment, consisted in charging Burns with embezzlement, and denouncing him as " a liar, a swindler, and a dead-beat."

In charging the offense, the pleader alleges that " by means of said false and malicious statement so published, printed, and circulated by him as aforesaid, [the defendant] intended and designed to convey, and did convey, by means of said statement, the idea that said Burns had been guilty of the crime of embezzlement (a penal offense), and that said Burns was notoriously bad, and of infamous character," etc.

On the trial, defendant called three witnesses successively upon the stand, and propounded to each the following question, to wit, " Do you know the general character of John Burns in this community?" which question was objected to by the county attorney, and the objection sustained by the court for the reason, as stated in the bill of exceptions, " that the question should be directed towards the character of Burns for truth and veracity, or whether he was a man of notoriously bad and infamous character, as charged in the indictment."

In defining the cases in which the truth of any statement charged as a libel may be shown in justification of the defendant, our statute, amongst others, provides that it may be done, " second, when it is stated in the libel that a person has been guilty of some penal offense, and the time, place, and nature of the offense is specified in the publication ; third, where it is stated in the libel that a person is

of notoriously bad or infamous character." Pasc. Dig., art. 2302.

As already seen, the indictment alleges that the libelous statement charged " that said Burns was notoriously bad, and of infamous character." Now, how was this charge or averment to be proven to be true? The word " notorious," as defined by Webster, means " generally known and talked of by the public; universally believed to be true; manifest to the world; evident," etc. In view of the meaning of the words " notoriously bad, or infamous character," we are of the opinion that the question " Do you know the general character of John Burns in this community?" was proper, pertinent, and legitimate, and that the court erred in sustaining objections to it. A " notorious character" means a " general character."

Had the pleader simply relied upon and charged that the libel consisted in the statement that Burns was guilty of embezzlement (a penal offense), the question would have been objectionable, because in that case his character for honesty would have been especially involved, and not his general character.

We cannot say how far the ruling of the court may have prejudiced the rights of the defendant, as there is no statement of facts in the record. But an exception to the ruling was promptly saved, and is presented both in the bill of exceptions and the motion for a new trial.

We do not deem it necessary to notice any of the other points raised in the record, as they are not likely to occur again on a subsequent trial.

For the error as hereinabove discussed, the judgment of the County Court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*